UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HUEVEL,<br><br>Plaintiff,<br><br>v.<br><br>KATHY MCMILLAN,<br><br>Defendant. | No.  2:22-cv-2292-DAD-CKD PS<br><br>ORDER GRANTING IFP REQUEST |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

    **i.**      **Subject Matter Jurisdiction and Frivolity**

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

>    ii.    **Federal Notice Pleading and a Complaint's Failure to State a Claim**

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint,"

or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

A complaint must not contain lengthy introductions, argument, speeches, explanations, stories, griping, evidence, summaries, charts, notes, e-mails, and the like. See McHenry v. Renne, 84 F.3d 1172, 1176-78 (9th Cir. 1996). This is because a complaint documentary evidence may be presented at a later point in the case. See id.

**Analysis**

Plaintiff filed a complaint with this court on December 22, 2022 and filed a first amended complaint (FAC) on March 24, 2023. (ECF Nos. 1, 3.) As a general rule, an amended complaint supersedes the original complaint. See L.R. 220 (requiring that an amended complaint be complete in itself without reference to any prior pleading). Thus the court construes the FAC as the operative complaint.

The FAC names Kathy McMillan, a librarian at the El Dorado County Law Library, as a defendant. However, the FAC does not contain any factual allegations regarding the defendant and therefore fails to state a claim. Iqbal, 556 U.S. at 678 (a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). Because plaintiff's complaint does not contain enough factual allegations to state a claim for relief, plaintiff's FAC is dismissed with leave to amend.

Finally, to the extent that plaintiff's FAC requests entry of default judgment by the court, plaintiff's request is premature. Rule 55(b)(2) provides that the court may grant a default judgment only after default has been entered by the Clerk of the Court. The Clerk of Court has not entered default. (ECF No. 5. ) Therefore, the court has no jurisdiction to entertain a request for default judgment.

**Leave to Amend**

In light of plaintiff's pro se status, and because it is possible that plaintiff could allege facts to potentially state the claims described above, the court grants plaintiff an opportunity to amend the complaint. See Lopez, 203 F.3d at 1130 ("leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect") (cleaned up).

If plaintiff elects to file an amended complaint, this new pleading shall be captioned as the "Second Amended Complaint" <u>and must allege what specific conduct defendant engaged in, when the conduct occurred, and how the conduct harmed him.</u>  However, the statement of the claim should be kept relatively "short."

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

Finally, nothing in this order requires plaintiff to file a second amended complaint.  If plaintiff determines that he is unable to amend the complaint in compliance with the court's order, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Within 30 days of this order, plaintiff shall file either (a) a second amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action; and
3. Failure to timely comply with this order will result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  April 20, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,vand.2292