UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HUEVEL,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHY MCMILLAN,<br><br>    Defendant. | No. 2:22-cv-2292-DAD-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS |

      Plaintiff, appearing pro se, filed a second amended complaint (SAC) on May 26, 2023, which is pending before this court.[1] (ECF No. 8.) As discussed below, the court finds that plaintiff's SAC fails to state a claim. The court recommends this case be dismissed without further leave to amend.

      I.    Legal Standards

      Under the in forma pauperis ("IFP") statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.[2] 28 U.S.C. § 1915(e)(2). Rule

---

[1] Actions in which a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

[2] This court granted plaintiff leave to proceed in forma pauperis ("IFP") on April 21, 2023. (ECF No. 7.)

1

8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

II.     Analysis

None of the statements in plaintiff's SAC suggest that a constitutional violation occurred. The gist of the SAC appears to be that "a person's right to use a library should not be denied by an employee of any governing entity." (ECF No. 8 at 2.) However, such an allegation is a

conclusory assertion. A complaint that contains conclusory assertions, without more, will not survive a screening inquiry. Twombly, 550 U.S. at 555-57 (to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action"). The rest of the SAC consists largely of incomprehensible statements such as "[t]he concepts of "hang town U.S.A. have the lasting separate values" and "[t]his defendant has intent actions of abuse, that knowingly cause extreme high blood pressures in this stroke recove[r]y plaintiff." (ECF No. 8 at 1.) The court cannot glean a cognizable claim from these statements. As plaintiff has not provided nearly enough facts to survive the court's screening inquiry, the undersigned finds that plaintiff's complaint fails to state a claim and recommends plaintiff's complaint be dismissed.

III.     Leave to amend

Where a "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to his claims, the district court's discretion to deny leave to amend is particularly broad." Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009) (quotations and citations omitted).

In its prior order, the court found plaintiff had failed to state a claim, as the FAC did not contain any factual allegations regarding the defendant. (ECF No. 7 at 4., citing Iqbal, 556 U.S. at 678 (citations omitted)). The court granted leave to amend and instructed that in any amended complaint, plaintiff allege the specific conduct defendant engaged in, when the conduct occurred, and how the conduct harmed him. (Id. at 5.) Here, instead of providing the factual information that the court has asked for, plaintiff contends "the injuries need not be [d]etailed further." (ECF No. 8 at 2.) Given plaintiff's failure to provide additional information about his claims despite specific instructions from the court, the court finds that further leave to amend would be futile and thus recommends that no leave to amend be granted. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

IV.     Warning regarding duplicative filings

This court notes that plaintiff continually fails to comply with the court's instructions. In Van Den Huevel v. Dorothy, plaintiff filed an action against three librarians alleging due process

violations because of a suspension.  See Van Den Heuvel v. Dorothy, No. 2:21-CV-2176-TLN-CKD-PS, 2022 WL 17631865, at *1 (E.D. Cal. Dec. 13, 2022), report and recommendation adopted sub nom; Heuvel v. Dorothy, No. 2:21-CV-02176-TLN-CKD, 2023 WL 1447316 (E.D. Cal. Feb. 1, 2023).  There, the court provided plaintiff with the legal standards for stating a due process claim for his library suspension and granted plaintiff leave to amend his complaint twice.  However, because plaintiff failed to meet the pleading requirements of Rule 8 and heed the court's instructions, the court dismissed plaintiff's action with prejudice.

Plaintiff's practice of repetitive filings without regard for the court's instructions is burdensome to court personnel and strains the court's limited resources.  Plaintiff is thus warned that duplicative filings and continual failures to comply with court orders could result in the entry of a vexatious litigant order against him which would restrict his ability to file cases in this court.

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be DISMISSED without further leave to amend.
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is  advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 28, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,vand.2292